UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-61534-CIV-MARRA/JOHNSON

LUDA PAVLENKO,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE, *et al.*

    Defendants.
_____/

## ORDER DISMISSING CASE

THIS CAUSE comes before the Court upon Defendant Department of the Treasury Internal Revenue Service, Cincinnati Submission Processing Center, Covington Disclosure Office's (collectively, the "Service") Motion to Dismiss (DEs 7-8).  Plaintiff filed a response to the motion (DE 10) and Defendants filed a Reply (DE 11).  The Court has carefully reviewed the motion, the response, and reply, and is otherwise fully advised in the premises.

Plaintiff Luda Pavlenko("Plaintiff"), *pro se*, filed the instant action, against the Service under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on September 26, 2008. Plaintiff claims that the Service is withholding documents that she requested under FOIA.  She requests that the Court order the Service to provide her with all electronically stored information regarding her grandmother Elizabeth Revenko's refund check in the amount of $117.00 issued by the Service.  Plaintiff also asks the Court for an award of $20,000,000.00 in actual damages and $100,000.00 in punitive damages.

The Freedom of Information Act ("FOIA") requires that "each agency, upon any request

1

for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A); Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1990).

First, the Court notes that, even if the Court ruled in Plaintiff's favor, Plaintiff would not be entitled to any monetary damages. Under FOIA, a plaintiff can only seek injunctive relief to compel the agency to release withheld records. See, e.g., Johnson v. Executive Office for U.S. Attorneys, 310 F.3d 771, 777 (D.C. Cir. 2002). The Court does not have authority to award Plaintiff money damages. Id. As a result, even if the Court were to adjudicate that Defendant "wrongfully withheld agency documents," the Court could only offer Plaintiff injunctive relief.

A district court has jurisdiction over a complaint brought under the FOIA "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Jurisdiction under this statute is based upon the plaintiff's showing that an agency has "improperly withheld agency records." Brown v. U.S. Dept. of Justice, 169 Fed.Appx. 537, 540 (11th Cir. 2006). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." U.S. Dept. of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989). If all documents have been released or cannot be located after a search of the most likely locations of said documents, the case must be dismissed for lack of jurisdiction. See Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987) (FOIA claims properly dismissed for lack of live controversy because agency released all nonexempt material); Sands v. U.S., 1995 WL 552308, *3 (S.D. Fla. 1995) ("If upon initiation of a lawsuit it is determined that no

documents responsive to a FOIA request have been withheld, the litigation should be dismissed as the claim for relief under FOIA becomes moot.").

Here, the Service asserts that the Court lacks subject matter jurisdiction over this matter because it has not improperly withheld any records. As the Eleventh Circuit explained in Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir. 1990),

> Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. "Facial attacks" on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.""Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."
> These two forms of attack differ substantially. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion-the court must consider the allegations of the complaint to be true. But when the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Id. at 1528-29 (citations omitted); see also Sands, 1995 WL 552308 at *1. First, addressing subject matter jurisdiction based on the face of the Complaint, it is clear that the Service has not improperly withheld the requested records. The Complaint alleges that Plaintiff requested copies of the front and the back of Elizabeth Revenko's $117.00 refund check and that she received a letter "denying [her] request because copies of returned IRS checks were not maintained." See DE 1. Accordingly, on the face of the Complaint alone, the Service has not "improperly withheld agency records" and, therefore, the Court lacks jurisdiction to devise remedies to force the

3

Service to comply with the FOIA's disclosure requirements Plaintiff. See Brown, 169 Fed. Appx. at 540; Tax Analysts, 492 U.S. at 142.

Furthermore, in evaluating the merits of the jurisdictional claims of the Service's factual challenge, the Court concludes that it lacks subject matter jurisdiction over this case. The Service presents affidavits and exhibits demonstrating that it has produced all documents responsive to Plaintiff's FOIA requests, and it has been unable to locate any additional documents responsive to Plaintiff's FOIA requests after conducting reasonable searches. See DE 36. Plaintiff has nothing other than speculation that the Service could have attempted additional avenues to search for the requested documents. Upon consideration of these matters, the Court agrees with the Service that Plaintiff cannot establish that wrongful acts were committed and, therefore, the Court lacks the power to hear Plaintiff's case.

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE** for want of subject matter jurisdiction. All other pending motions are **DENIED AS MOOT**. The Clerk shall **CLOSE THIS CASE.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of April, 2009.

_____
KENNETH A. MARRA
United States District Court

Copies furnished to:
all counsel of record

Luda Pavlenko, *pro se*
17125 N. Bay Road
#3209
Sunny Isles, Fl 33160